IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BENJAMIN CRENSHAW,             )
                               )
         Plaintiff,            )
                               )
v.                             )        Case No. 2:11-cv-3209-TMP
                               )
ADVANCED DISPOSAL SERVICES, INC., )
                               )
         Defendant.            )

**MEMORANDUM OPINION**

The matter before the court concerns the Motion for Summary Judgment (Doc. 18) filed on May 14, 2012, by defendant Advanced Disposal Services, Inc. (hereafter "defendant"). Plaintiff Benjamin Crenshaw (hereafter "plaintiff") did not respond to defendant's motion. Having considered the briefs and evidentiary materials submitted, the court finds that defendant's Motion for Summary Judgment (Doc. 19) is due to be GRANTED.

**I. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former FED. R. CIV. P. 56(c)).  The movant can meet this burden by presenting evidence showing

1

there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." *Id.* at 323.

Once the moving party has met its burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting former FED. R. CIV. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, the nonmovant may not merely rest on its pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the nonmovant has properly responded to a motion for summary judgment, the court "shall" grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. The court's guide is the same standard necessary to direct a verdict:

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The evidence supporting a claim must be "substantial." *Marcus v. St. Paul Fire and Marine Ins. Co.*, 651 F.2d 379, 382 (5th Cir. 1981). A mere scintilla of evidence is not enough to create a genuine issue of fact. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004); *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249-50 (11th Cir. 2004). If the nonmovant's evidence is so thoroughly discredited by the rest of the record and is evidence that no reasonable jury could accept, that evidence fails to establish the existence of a genuine issue of fact requiring a jury determination. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have reviewed the facts in the light depicted by the videotape."); *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1290 n. 3 (11th Cir. 2009). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *see also Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden" so that there must be sufficient evidence on which the jury could reasonably find for the nonmovant. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication,*

*Inc.*, 849 F.2d 570, 575 (11th Cir. 1988).  Nevertheless, credibility determinations, weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in its favor.  *Anderson*, 477 U.S. at 255.  The nonmovant need not be given the benefit of every inference but only of every reasonable inference.  *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

      The failure to respond to a motion for summary judgment is not enough, in itself, to justify granting summary judgment.  Indeed, Rule 56(a) instructs that the court shall grant summary judgment only "*if the movant shows* that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a) (emphasis added).  Thus, a court "may neither grant nor deny summary judgment by default."  James Wm. Moore et al., *Moore's Federal Practice*, § 56.99[b] (3d ed. 1997).  As noted by the Advisory Committee, "summary judgment cannot be granted by default *even if there is a complete failure to respond to the motion*, much less when an attempted response fails to comply with Rule 56(c) requirements."  FED. R. CIV. P. 56 advisory committee's note (emphasis added).  Because "the district court cannot base the entry of summary judgment on the mere fact that [the motion for summary judgment] is unopposed, it must consider the merits of the motion."  *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).  Utilizing these standards, the court undertakes the analysis of whether the defendant has shown that it is entitled to judgment as a matter of law.

## II.  Summary Judgment Facts

      Viewing the evidence in the light most favorable to plaintiff, the following undisputed

facts are relevant to the instant motion.[1]

On or about February 5, 2007, plaintiff was hired as a residential driver with Arrow Disposal Service. (Doc. 18-1 ¶1). Later that same year, defendant acquired Arrow Disposal Service and hired plaintiff in the same driver position. *Id.* at ¶¶ 1-3. Defendant hired plaintiff knowing that he suffered a hand "disfigurement" due to a prior injury. (Doc. 18-2 ¶¶14-15). At the time he was hired by defendant, plaintiff did not seek any position other than as a driver. (Doc. 18-1 ¶ 3).

The essential functions of a residential driver include obtaining and maintaining a commercial driver's license, driving a truck, and being able to ride the back of the truck and dump trash cans as needed. (Doc. 18-3 ¶ 4). Being able to ride the back of the truck requires nothing beyond the ability to grip. *Id.* Plaintiff has acknowledged that his position as a driver required him to assist in dumping trash cans and that it required the use of his hands and the ability to carry up to seventy-five pounds; furthermore, plaintiff has admitted that he dumped trash cans and rode the back of the truck while employed by defendant. (Doc. 18-1 ¶¶ 4-7). During his employment with defendant, plaintiff never sought accommodation for any disability in writing. *Id.* at ¶ 20.

In 2009, a medical examiner attested that plaintiff was able to perform the duties of a

---

[1] A potential consequence of failing to oppose a motion for summary judgment is that the court may accept the facts before it as undisputed. Federal Rule of Civil Procedure 56(e)(3) authorizes the court to consider a fact as undisputed for purposes of the motion when a party fails to properly address the other party's assertion of fact. This provision is consistent with the practice in some jurisdictions where local rules provide that uncontroverted facts, supported by the record, will be "deemed admitted." *Moores*, § 56.99[b] (3d ed. 1997). In this case, the court has studied the record to take care that any facts deemed undisputed, due to plaintiff's failure to respond, are not contradicted or disputed by record materials.

residential driver and did not reference any need for accommodation.  *Id.* at ¶ 10.  The medical examiner's report also attested that plaintiff was fully able to grip.  *Id.* at ¶ 9.  The examiner's report concluded that plaintiff had no functional limitations that would preclude him from performing the duties of a driver working for defendant.  *Id.* at ¶ 8.

Plaintiff was subject to multiple disciplinary writeups during his tenure working for defendant, including writeups for unexcused absences, destruction of property, safety violations, and for leaving trash on his driving route.  *Id.* at ¶¶ 11-18.  On February 5, 2010, plaintiff was suspended for involvement in a preventable accident.  *Id.* at ¶ 19.

On or about July 9, 2010, plaintiff's supervisor, Shirley Brown, requested that all drivers assist in training newly hired driver trainees by working in two-person teams requiring each driver to alternate with his trainee teammate between driving the truck and working on the back of the truck.  (Doc. 18-3 ¶ 6).  Alternating between driving and riding on the back of the truck with the driver trainee is essential to training the driver trainee as it grants him hands-on experience in all essential functions of the residential driver position.  *Id.* at ¶ 7.

In response to Brown's request, plaintiff refused to train his assigned trainee by refusing to ride on the back of his truck.  *Id.* at ¶ 9.  Riding on the back of the truck as needed was an essential function of plaintiff's position as a residential driver, one plaintiff had previously carried out without issue.  (Doc. 18-1 ¶¶ 4-7).  Brown viewed this refusal as insubordination on plaintiff's part, a terminable offense with defendant.  (Doc. 18-3 ¶ 11; Doc. 18-1 ¶ 24).  Brown informed plaintiff that she viewed his refusal as insubordination and would terminate him if he did not comply with her request.  (Doc. 18-3 ¶ 12; Doc. 18-1 ¶ 23).  Plaintiff reiterated his refusal and this coupled with plaintiff's disciplinary history resulted in his termination from

6

employment with defendant on July 9, 2010. (Doc. 18-3 ¶ 13; Doc. 18-1 ¶ 24).

After his termination, plaintiff filed the instant action on September 6, 2011, alleging claims of discrimination and retaliation against defendant under the Americans with Disabilities Act of 1990 (hereafter "ADA"), as amended, 42 U.S.C. § 12101, *et seq*.

### III. Summary Judgment Analysis

For the forthcoming reasons, the court finds that defendant's Motion for Summary Judgment is due to be granted.[2]

### A. Plaintiff's ADA Discrimination Claim

Plaintiff's disability discrimination claim pursuant to the ADA fails as a matter of law and summary judgment is due to be granted in favor of defendant on this claim. The ADA's general prohibition on disability discrimination states:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). To establish a prima facie case of discrimination under the ADA, plaintiff must show that (1) he is disabled; (2) he is a qualified individual, meaning that he is able to perform the essential functions of the employment position he holds or seeks with or without

---

[2]The court notes that, in its Reply brief (Doc. 20), defendant argues that by failing to file a response to its Motion for Summary Judgment, plaintiff has abandoned all claims. However, the court does not agree. The abandonment issue was not advanced in defendant's initial motion (Doc. 18), and plaintiff's claims are not abandoned merely because plaintiff failed to respond to that motion. *See United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[A] district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion."). The court must consider the merits of defendant's Motion for Summary Judgment.

reasonable accommodation; and (3) the defendant unlawfully discriminated against him due to his disability.  *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226-27 (11th Cir. 2005); *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000); *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907, 910 (11th Cir. 1996); *Richardson v. Honda Mfg. of Alabama, LLC*, 635 F. Supp. 2d 1261, 1273-74 (N.D. Ala. 2009).  Plaintiff has failed to establish any element of an ADA discrimination claim.

   1. **Disability**

First, plaintiff has failed to show that he is disabled under the ADA.  To establish that he has a disability under the ADA, plaintiff must present evidence of a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or that he was regarded as having such an impairment.  42 U.S.C. § 12102(1).  Plaintiff contends that, currently and while working for defendant, he suffers from a physical impairment, a disfigured hand, that substantially limits his ability to work, a major life activity under the law.  *See D'Angelo*, 422 F.3d at 1226; (Doc. 1 ¶¶ 14-17).  To establish that he has a qualifying physical impairment, plaintiff must (1) present evidence that he suffers from such an impairment, (2) identify the underlying life activity and show that it is a major life activity under the ADA, and (3) prove that the impairment substantially limits that major life activity.  *Wofsy v. Palmshores Retirement Community*, 285 Fed. Appx. 631, 632 (11th Cir. 2008); *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998).  Plaintiff has not met this burden.

Plaintiff has not established that he has a qualifying impairment pursuant to the ADA.  While plaintiff asserts that an injury to his hand resulted in disfigurement of the hand and that it limited his ability to work on the back of the truck, plaintiff has not presented any evidence that

the hand disfigurement substantially limited his ability to perform his job requirements with defendant. In fact, the evidence before the court reflects the opposite. Plaintiff himself acknowledges that his job with defendant required the use of his hands and the ability to lift up to seventy-five pounds, and he further acknowledges that he actually performed these functions during his tenure with defendant by riding on the back of the truck and dumping trash cans. (Doc. 18-1 ¶¶ 4-7).

Additionally, a medical examiner certified that plaintiff did not suffer from any functional limitations and that he was able to perform the duties of a residential driver with defendant, and, most tellingly, the examiner certified that plaintiff was fully able to grip, the central physical ability required to ride the back of a truck. (Doc. 18-1 ¶¶ 8-10). Considering this and plaintiff's own admission, his hand disfigurement did not limit his ability to perform the essential functions of his position with defendant, much less substantially limit it. Merely proving the existence of a physical impairment, which plaintiff has not done, without addressing any limitation on major life activities is insufficient to prove disability under the ADA. *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998). Plaintiff's proven ability to work contradicts any contention that he was substantially limited in the major life activity of working. *D'Angelo*, 422 F.3d at 1227. He has therefore not presented evidence of a qualifying physical impairment under the ADA.

### 2. Qualified Individual

Because plaintiff has failed to show that he is disabled, he cannot as a matter of law be a qualified individual with a disability under the ADA. Furthermore, plaintiff alleges that he was unable to ride the back of defendant's truck due to his disability, an allegation that, if taken as

true, would foreclose the possibility that he is a qualified individual.  A qualified individual must be able to perform the essential functions of his job with or without reasonable accommodation; if plaintiff's contention that he could not ride the back of the truck at all because of his disability were true, he would not be able to perform the essential functions of his job.  Thus, the second prong of the *D'Angelo* analysis is lacking.  422 F.3d at 1226-27.  However, by plaintiff's own admission, he was able to and actually did ride the back of the truck and dump trash cans.  (Doc. 18-1 ¶¶ 4-7).

### 3. Adverse Employment Action

Plaintiff contends that his termination from employment with defendant constituted discrimination against him on the basis of his disability, but, given that plaintiff has not sufficiently shown that he has a disability within the meaning of the ADA, his discrimination claim fails as a matter of law.  However, even if plaintiff had shown that he suffers from a disability within the meaning of the ADA, his discrimination claim would still fail.

To make out a prima facie claim of discriminatory termination under the ADA, plaintiff must show that he suffered an adverse employment action, termination, and that his disability was a motivating factor in his termination.  *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1334 (11th Cir. 1999).  Once plaintiff has met this burden, which the court finds he has not, it falls to defendant to articulate a legitimate, nondiscriminatory reason for the termination; this is merely a burden of production.  *Id.* at 1333; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-28 (11th Cir. 1997); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Plaintiff bears the ultimate burden of persuasion that defendant's proffered reason for the termination is merely a pretext for discrimination.  *Farley*, 197 F.3d at 1333; *Combs*, 106 F.3d at 1527-28.

Even though plaintiff has failed to offer evidence that he is disabled within the meaning of the ADA, and thus has not shown that he was subject to an adverse employment action with his disability as a motivating factor for the action, defendant has nevertheless shown that there were legitimate, nondiscriminatory reasons for plaintiff's termination.  Plaintiff had been disciplined on several occasions for misconduct ranging from unexcused absences, destruction of property, safety violations, and for leaving trash on his driving route.  (Doc. 18-1 ¶¶ 11-19).  Plaintiff had also been suspended for his involvement in a preventable accident.  *Id.*  Finally, plaintiff refused to comply with a request made of all defendant's drivers to train newly hired driver trainees, a refusal which constituted insubordination.  *Id.* at ¶¶ 23-24.  Defendant has presented evidence that it was plaintiff's history of being disciplined and ultimate insubordination which were the reasons for his termination and not any alleged disability.  While plaintiff states in his complaint that defendant's proffered reasons for his termination are merely pretext, he has presented no evidence to that effect.

For the aforementioned reasons, plaintiff has failed to make a prima facie case of discrimination under the ADA and defendant is entitled to summary judgment on this claim.

**B.  Plaintiff's ADA Retaliation Claim**

The court also finds that defendant is entitled to summary judgment on plaintiff's retaliation claim pursuant to the ADA.  The ADA provides that no person "shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]."  *Wofsy*, 285 Fed. Appx. at 634-35; 42 U.S.C. § 12203(a).  ADA retaliation claims are analyzed under the same framework as Title VII retaliation claims.  *Wofsy*, 285 Fed. Appx. at 634-35.  To establish a

prima facie case of retaliation under the ADA, plaintiff must show that (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Id.*; *Standard*, 161 F.3d at 1328. Plaintiff has failed to meet this burden.

Plaintiff has not shown that he engaged in statutorily protected activity, and thus the first prong of the *Wofsy* analysis has not been met. In order to establish that he engaged in statutorily protected activity, plaintiff must show that he had a good faith, objectively reasonable belief that his activity was protected by the ADA. *Standard*, 161 F.3d at 1328; *see also Clover v. Total Sys. Servs., Inc.*, 157 F.3d 824, 827 (11th Cir. 1998) (holding that an employee claiming retaliation for opposing employer's conduct must have a good faith, objectively reasonable belief that such conduct was unlawful under Title VII).

The evidence before the court shows that, on the date of his termination, plaintiff did not complain to his supervisor that he could not ride on the back of the truck due to his disability; rather, the evidence show that he merely refused to comply with a request made of all drivers. There is no evidence that plaintiff ever complained that his disability prevented him from riding the back of truck at any time prior to the date of his termination.

Furthermore, plaintiff has admitted that, during his tenure working for defendant, he actually did ride on the back of the truck as part of his job requirements. Additionally, while plaintiff alleges in his complaint that defendant sought to "change him into" a job he could not perform due to his disability, there is no evidence that defendant attempted to transfer plaintiff into any other position at any point. There is simply no evidence that plaintiff engaged in any statutorily protected expression or activity under the ADA, and thus his ADA retaliation claim

fails, making summary judgment appropriate.

## IV. Conclusion

The court finds that plaintiff has failed to make a prima facie showing of discrimination and retaliation under the ADA. For this reason, defendant's Motion for Summary Judgment (Doc. 18) is due to be GRANTED. A separate order will follow granting defendant's Motion for Summary Judgment contemporaneously herewith.

DONE and ORDERED this 16th day of May, 2013.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE